IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                      Cr. No. 16-449 JCH

OTIS LEONARD ROSS, JR.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Defendant's *Motion for Production of Physical Evidence* [Doc. 72], which the Government opposes. After reviewing the motion, the Government's response, and Defendant's reply, the Court concludes that the motion should be granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 9, 2016, the grand jury indicted Defendant Otis Leonard Ross, Jr. ("Ross") on one count of possession with intent to distribute 500 grams or more of methamphetamine. [Doc. 10] On May 19, 2017, Ross requested a viewing of all evidence seized by the Drug Enforcement Administration ("DEA") at the time of Ross' arrest. On May 25, the DEA informed Ross that only non-drug evidence would be available for viewing at the DEA facility in Albuquerque, and that the drug evidence was being held at the DEA laboratory in Dallas, Texas. On June 5, 2017, Ross made a written request inspection of the drug evidence, which the Government refused. On June 6, 2017, Ross filed the motion currently before the Court.

**LEGAL STANDARD**

Rule 16 sets forth the types of information the government must disclose to the defendant upon his request:

> books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).

A defendant must make a prima facie showing of materiality before he is entitled to obtain requested discovery. *See United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the government is in possession of information helpful to the defense." *Id*. The term "defense" means an argument in response to the prosecution's case-in-chief, *i.e.*, an argument that refutes the government's claims that the defendant committed the crime charged. *See United States v. Armstrong*, 517 U.S. 456, 462 (1996). To be material, the evidence must bear some abstract, logical relationship to the issues in the case such that pretrial disclosure would enable the defendant to significantly alter the quantum of proof in his favor. *United States v. Lloyd*, 992 F.2d 348, 350-51 (D.C. Cir. 1993).

Establishing prima facie materiality is not a heavy burden; evidence is material when there is a strong indication that it "will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *Id*. at 351 (internal quotations omitted). Nonetheless, the threshold showing of materiality is essential because ordering the government to produce discovery absent such a showing is inconsistent

with Rule 16. *Mandel*, 914 F.2d at 1219; *Jordan*, 316 F.3d at 1250 (noting that defendant must make specific request for item, together with explanation as to how it will be helpful to defense).

## DISCUSSION

In this case in which Ross is accused of possession with intent to distribute methamphetamine, the parties do not dispute that the drug evidence is a tangible object, that the Government has possession and control of it, or that the drug evidence is "material" within the meaning of Rule 16. Doc. 74 at 1 ("the Government does not dispute that the evidence in the [DEA's] possession is material"). In fact, it is no exaggeration to say that in such a case, the drug evidence is probably the most central piece of evidence to the prosecution. Ross argues that he is entitled to inspect this evidence because: (1) Rule 16 grants him that right; (2) he wishes to evaluate whether the drug evidence appears to be the same as that depicted in the photographs taken by the Government, particularly in light of the fact that Ross was not present when those photographs were taken; (3) physical inspection could lead to questions regarding weight of the substance and its similarity to substance depicted in the Government's photos; and (4) inspection could raises issues related to chain of custody. The Court agrees with Ross that Rule 16(a)(1)(E) requires the Government to disclose the drug evidence to him because it is not only material, but also was obtained from Ross.

None of the reasons offered by the Government alter this conclusion. The Government contends that the request for inspection is unnecessary because the Government has already provided Ross with photographs of the drugs and the lab reports. As a corollary to this argument, the Government contends that it is simply too burdensome to transfer the evidence to the District of New Mexico from the DEA lab in Dallas. The Government cites *United States v. Slough*, 22 F. Supp. 3d 1 (D.D.C. 2014) in support of its position, arguing that a "substantial and

meaningful" production of records related to an object can suffice instead of production of the object itself. In *Slough* the objects at issue were eleven military vehicles that were damaged in a shoot-out in Baghdad, Iraq. *Id*. at 3. However, that case does not support the Government here. First, unlike the drug evidence in this case, the vehicles in *Slough* were not obtained from the defendants and therefore did not satisfy that portion of Rule 16(a)(1)(E). Second, the vehicles in *Slough* were *in situ* in Iraq, where the alleged criminal conduct took place, and therefore the location of the evidence was not the result of the Government's actions. In contrast, here the Government of its own volition chose to move the drug evidence outside of the jurisdiction in which this case is being prosecuted, and now wishes to avoid returning it. Finally, in *Slough* the burden to the Government in producing the evidence was immense. According to the opinion, the Government claimed that transporting the vehicles by sea would cost $190,000 and take seven months, while moving them to the U.S. via air carrier would cost over $1.7 million and take six weeks. *Id*. at 5. The court found this to be unreasonable, not only because of the costs involved, but also because the defendants had made their request a mere ten weeks prior to trial. *Id*. at 5-6. Thus, granting the defendants' request would have caused a lengthy delay of the trial. By comparison, in this case we have 500 grams or more of methamphetamine, plus container(s), to be transported from Dallas to Albuquerque, and the Government has provided the Court with no information regarding the cost of transport. However, common sense dictates that the cost and time to transport this evidence would be negligible compared to the facts in *Slough*. In short, the Court finds the Government's argument unconvincing.

Next, the Government contends that Ross has not explained why he wants to inspect the evidence or how it would aid his defense. However, as summarized above, Ross has explained his reasons for wanting to inspect the drug evidence. Further, the drug evidence is at the heart of

a "possession with intent" charge. Ross has the right to see that evidence and determine if the objects are the same as those that were confiscated from him, in both appearance and weight.

Finally, the Government complains that the parties are close to reaching a plea agreement, and Ross has not demonstrated how inspecting the evidence will contribute to resolution of the case. First, the Government provides no authority stating that a defendant who has discussed a possible plea with the Government may not inspect evidence that he is otherwise entitled to under Rule 16 unless he first shows how such inspection would assist the parties in reaching an agreement. The Court is unaware of any such requirement, and in fact the Government's argument makes little sense, for how can a defendant make an informed decision about whether to take a plea until he has had an opportunity to see the Government's evidence against him?

The Court concludes that Ross is entitled to inspect the drug evidence.

**IT IS THEREFORE ORDERED** that Defendant's *Motion for Production of Physical Evidence* [Doc. 72] is **GRANTED** without prejudice to the Defendant's right to challenge the chain of custody of that evidence.

_____
**UNITED STATES DISTRICT JUDGE**